IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MARK ORTEGA,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**ENSURETY VENTURES, LLC**<br>a Missouri Limited Liability Company<br><br>*Defendant,* | Case No. 5:24-cv-00801<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff, Mark Ortega ("Plaintiff" or "Ortega") brings this Class Action Complaint and Demand for Jury Trial against Defendant Ensurety Ventures, LLC ("Defendant" or "Defendant Ensurety") to stop them from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls without consent to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). The Plaintiff also alleges that Defendant violated the Texas Telephone Solicitation Act ("TTSA") by making telemarketing calls to consumers in Texas.

Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff is an individual residing in this District.

COMPLAINT - 1

2. Defendant Ensurety is a Missouri Limited Liability Company that conducts business in this District.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant because the calls to the Plaintiff were received in this District. The Court also has supplemental jurisdiction because the TTSA claim relates to the same telemarketing campaign as the TCPA.

4. This Court has personal jurisdiction over the Defendant because the calls to the Plaintiff were made into and received in this District.

5. The venue is proper under 28 U.S.C § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims were directed to this District, such as, the Defendant made the calls at issue into this District.

## INTRODUCTION

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 § C.F.R 64.1200 (c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

9. Defendant sells car warranty services.

10. Defendant uses telemarketing to promote its services and solicit new clients.

11. Defendant operates under the name Omega Auto Care.

12. Plaintiff is an individual who was in Texas at the time of the calls.

13. Plaintiff's telephone number is (210)-744-XXXX.

14. At all times material to this action, Plaintiff uses the cell phone with area code (210) and digits beginning with 744 primarily for residential purposes.

15. Plaintiff primarily utilizes this number for personal calls, text messaging with family and friends, and managing his personal affairs.

16. Plaintiff registered his cellular telephone number with the National Do No Call Registry on or about January 23, 2012.

17. Plaintiff registered his number to avoid receiving unwanted telemarketing and solicitation calls.

18. Plaintiff never provided Defendant with his express consent to be contacted.

19. Plaintiff has no existing business relationship with Defendant.

20. Despite that, Defendant has contacted Plaintiff multiple times.

21. On or about May 3, 2024, Plaintiff received an unsolicited telemarketing call to his cell phone from Defendant, from the number 252-298-1052.

22. When this call was answered, there was a distinct pause and delay before anyone answered.

23. The distinct pause and delay before a live representative answered Plaintiff's call demonstrates that the dialing system used possessed the present capacity to store or produce telephone numbers and dial those numbers automatically. This shows that the system was working

through a list of numbers and not operating under the direct control of a human caller for each individual call.

24. Defendant was not identified either through Caller ID or at the start of the telemarketing calls, thus the Plaintiff went through the telemarketing process so he could identify the company.

25. Defendant stated it was calling from Defendant's assumed name, Omega Auto Care, to sell him car warranty services.

26. Plaintiff informed Defendant that he was on the do not call list and that Defendant should not be contacting him.

27. Despite Plaintiff's prior request to not be contacted, Defendant placed two more calls to Plaintiff attempting to sell car warranty services.

28. On or about May 3, 2024, Defendant called Plaintiff back regarding the car warranty services it was previously trying to sell.

29. Plaintiff implored Defendant to not contact him anymore.

30. On or about May 10, 2024, Plaintiff received another unsolicited telemarketing call from Defendant, from the number 352-619-9012.

31. During the call, Plaintiff was forced to remind Defendant that he had previously spoken to representatives of Defendant and had explicitly requested to be placed on their internal do-not-call list.

32. Despite this reminder, Defendant continued to attempt to sell Plaintiff a car warranty, demonstrating a blatant disregard for Plaintiff's right to privacy and choice to not receive telemarketing calls.

33. The repeated, unauthorized telephonic communications that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and occupied and otherwise disturbed the use and enjoyment of his phone.

34. Seeking redress for these injuries, Plaintiff Ortega, on behalf of himself and Classes of similarly situated individuals, bring suit under the TCPA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure § 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint through the date of trial.
>
> **Telephone Consumer Protection Act Autodial Class:** All persons in the United States (1) who received a telemarketing call made using an automatic telephone dialing system or an artificial or prerecorded voice 2) to a prohibited phone line 3) without the prior express consent of the called party, 4) at any time in the period that begins four years before the date of filing this Complaint through the date of trial.
>
> **Telephone Consumer Protection Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including that at least once after the Defendant's records reflect the person requested that they stop calling.
>
> **Texas Telephone Solicitation Act Do Not Call Registry Class:** All persons in the United States (1) who received a telephonic sales call regarding Defendant's goods and/or services (2) to a number listed on the Texas No-Call list (3) at any time in the period that begins two years before the date of filing this Complaint through the date of trial.

36. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

37. Plaintiff brings all claims in this action individual and on behalf of Class Members against Defendant.

## Numerosity

38. Members of the Class are so numerous that their individual joinder is impracticable.

39. On information and belief, based on the practices and technology used to call and message Plaintiff, Members of the Class number in the thousands.

40. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

41. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

42. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individuals Class Members.

43. Common legal and factual questions, include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act or Texas Telephone Solicitation Act, and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

## Typicality

44. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

## Adequacy of Representation

45. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel, and he intends to prosecute this action vigorously.

46. The interest of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

47. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

48. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

49. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

50. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

51. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

52. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(c))**
**(On Behalf of Plaintiff and the Do Not Registry Class)**

53. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 52 of this Complaint and incorporates them by reference herein.

54. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing calls to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

55. Defendant's violations were negligent, willful, or knowing.

56. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

57. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry in the future.

### COUNT II
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(b))**
**(On Behalf of Plaintiff and the Autodial Class)**

58. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 52 of this Complaint and incorporates them by reference herein.

59. The TCPA's implementing regulation, 47 USC § 227(b), provides that "[i]t shall be unlawful for any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a … cellular telephone service." § 227(b)(1)(A)(iii).

60. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(b)(3), are entitled, inter alia, to receive up to $500 in damages per violation.

61. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT III**
**Telephone Consumer Protection Act**
**(Violation of 47 C.F.R § 64.1200)**
**(On behalf of Plaintiff and the Internal Do Not Call Class)**

62. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 52 of this Complaint and incorporates them by reference herein.

63. Under 47 C.F.R § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone

> number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call or telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

64. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls/text messages.

65. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said

regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C § 227(c)(5).

66. Defendant have therefore, violated 47 U.S.C § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## COUNT IV
### Violation of Texas Telephone Solicitation Act
### Tex. Bus. & Com. Code Ann. § 305
### (On Behalf of Plaintiff and the Texas Telephone Solicitation
### Act National Do Not Call Registry Class)

67. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 52 of this Complaint and incorporates them by reference herein.

68. It is a violation of the TTSA to "make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if: (1) the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device." *See* Tex. Bus. & Com. Code Ann. § 305.001.

69. The TTSA states that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication". *See* Tex. Bus. & Com. Code Ann. § 305.053.

70. In violation of the TTSA, Defendant made and/or knowingly allowed telephonic communications to Plaintiff and the Class members without Plaintiff's and the Class members'

COMPLAINT - 11

prior express written consent even though the Class members were on the National Do Not Call Registry.

71. As a result of Defendant's conduct as alleged herein, and pursuant to § 305.053(b) of the TTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *See id.*

72. To the extent Defendant's misconduct is determined to be willful and knowing the Court should, pursuant to section 305.053(c) treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT V
### Violation of Texas Regulation of Telephone Solicitation
### Tex. Bus. & Com. Code Ann. § 302
### (On Behalf of Plaintiff and
### Texas Telephone Solicitation Act)

73. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 52 of this Complaint and incorporates them by reference herein.

74. Section 302.101(a) of Texas Business and Commerce Code requires sellers that makes a telephone solicitation from a location in Texas or to a purchaser located in Texas to hold "a registration certificate for the business location from which the telephone solicitation is made." Moreover, the Code requires a "separate registration certificate for each business location from which a telephone solicitation is made." *See id* (b).

75. In violation of the Code, Defendant made telephonic solicitations to Plaintiff and Class Members without having a registration certificate for each business location at the time of the calls.

76. As a result of Defendant's conduct as alleged herein, and pursuant to § 302.302(a) of Tex. Bus. & Com. Code, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each violation.

77. Under § 302.302(d), Plaintiff is entitled to "recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) Certification of the proposed Classes;

b) Appointment of Plaintiff as representative of the Classes;

c) Appointment of the undersigned counsel as counsel for the Classes;

d) An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

e) An award to Plaintiff and the Classes of damages, as allowed by law;

f) All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Bus. & Com. Code §302.302(a); and

g) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

        **MARK ORTEGA**, individually and on behalf of all others similarly situated,

DATED this 19th day of July 2024.

        By:

        **ALMANZA TERRAZAS PLLC**
        13423 Blanco Rd, PMB 8098
        San Antonio, Texas 78216
        Telephone: 512-900-9248
        Email: paulina@almanza.legal

        <u>/s/ **Paulina Almanza**</u>
        Paulina Almanza
        State Bar No. 24109580
        Attorney for Plaintiff Mark Ortega