IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ORTEGA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENSURETY VENTURES, LLC, a Missouri Limited Liability Company,<br><br>Defendant. | Case No. 5:24-cv-00801-OLG |

**DEFENDANT ENSURETY VENTURES, LLC'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Ensurety Ventures, LLC ("Ensurety"), by and through the undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Court Rule CV-7, hereby files this Partial Motion to Dismiss Count IV and Count V of the Class Action Complaint [Dkt. No. 1] filed by Plaintiff, Mark Ortega ("Plaintiff"). In support of its Partial Motion to Dismiss, Ensurety incorporates the below Memorandum of Law and states as follows:

**INTRODUCTION**

Plaintiff filed his Class Action Complaint ("Complaint") on July 19, 2024, attempting to allege that Ensurety purportedly committed violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code Ann. § 302 *et seq.* ("TTSA") by "making telemarketing calls without consent to consumers who registered their phone numbers on the National Do Not Call registry," including Plaintiff. However, Plaintiff fails to allege facts sufficient to support his claims for relief under the TTSA, which are presented as Count IV and Count V in his Complaint. To wit, Count IV seeks to bring a claim on behalf of a purported class of individuals who have received calls "to a number listed

58729846.2

on the Texas No-Call list," but nowhere does Plaintiff allege that he ever registered his number on the Texas No-Call List—nor does he allege that he satisfied the statutory prerequisites for bringing a claim predicated upon such violations (as outlined in Tex. Bus. & Com. Code Ann. § 304.257(a)). As for Count V, Plaintiff alleges that Ensurety "made telephonic solicitations to Plaintiff and Class Members without having a registration certificate for each business location [from which the calls were allegedly made]," but likewise fails to allege **any** substantive facts as to Ensurety's registration status, or lack thereof, in any locale. Therefore, Ensurety respectfully requests that the Court enter an Order dismissing both TTSA claims attempted to be asserted in Plaintiff's Complaint.

## MEMORANDUM OF LAW

### I.      STATEMENT OF FACTS

Plaintiff alleges that "on or about" May 3, 2024, he received "an unsolicited telemarketing call . . . from [Ensurety]" to his cellular telephone number, which he claims has been registered with the National Do Not Call Registry since 2012. Dkt. 1, ¶¶ 16, 21. Plaintiff alleges that "there was a distinct pause and delay" when he answered the phone, ostensibly indicating "that the dialing system used possessed the present capacity to store or produce telephone numbers and dial those numbers automatically," a mechanism proscribed by the TCPA.[1] *Id*. at ¶ 23. Plaintiff then engaged the representative on the other line "so he could identify the company," which purportedly led him to identify Ensurety as the calling party. *Id*. at ¶¶ 24, 25. Plaintiff then alleges that while he "informed Defendant that he was on the do not call list and that Defendant should not be contacting him," Ensurety allegedly called him twice more: once later that same day and again on May 10, 2024. *Id*. at ¶¶ 26-30.

---

[1] Such a system is commonly referred to as an automatic telephone dialing system ("ATDS").

58729846.2

## II.     STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *McReynolds v. Bell Textron, Inc.*, No. 4:22-CV-00194-O-BP, 2022 WL 2759848, at *1 (N.D. Tex. June 29, 2022); *Priester v. Long Beach Mortgage Co.*, No. 4:16-CV-449-ALM-KPJ, 2018 WL 1833255, at *3 (E.D. Tex. Jan. 23, 2018). A claim is subject to dismissal under Rule 12(b)(6) if the complaint fails to allege sufficient facts to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must state facts from which this Court can make a reasonable inference that a defendant is plausibly liable for the alleged misconduct. *Id*. Plausibility cannot be inferred from a mere legal conclusion or a statement of the elements of a claim, nor can it be inferred when a complaint "pleads facts that are merely consistent with a defendant's liability" or when it contains "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In deciding a motion under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his/her claims that would entitle him to relief. *Collins v. Morgan Stabley Dean Witter*, 224 F. 3d 496, 498 (5th Cir. 2000); *Veloz v. Allstate Fire & Cas. Ins. Co.*, No. 5:20-CV-1438-DAE, 2021 WL 8443994, at *2 (W.D. Tex. Apr. 23, 2021). While liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Shaban v. United Fin. Cas. Co.*, No. 1:22-CV-00847-LY, 2023 WL 324518, at *2 (W.D. Tex. Jan. 18, 2023); *Pemberton v. PNC Bank Nat. Ass'n*, No. CIV.A H-12-756, 2012 WL 2122201, at *2 (S.D. Tex. June 11, 2012).

### III. DISCUSSION

#### A. Plaintiff Neither Alleges That He Registered His Number on the Texas No-Call List, Nor That He Satisfied the Conditions Precedent to Properly Allege Count IV.

Count IV of Plaintiff's Complaint attempts to bring a claim "On Behalf of Plaintiff, and the Texas Telephone Solicitation Act National Do Not Call Registry Class [sic]," with the inclusion of "National" appearing to be a typographical error when compared to the definitions of the various classes defined by Plaintiff in Paragraph 35. *See* Dkt. 1 ¶ 35. However, the definition of the fourth class defined by Plaintiff in Paragraph 35, apparently the same class intended to be the one on behalf of which Count IV is brought, contains a much more severe defect in light of the factual allegations contained in the Complaint as it refers to a "Texas No-Call list" that is otherwise totally absent from the pleading. *Id*.

Indeed, Plaintiff alleges no facts that speak to his (or anyone else's) registration on the Texas No-Call List and, therefore, fails to state a claim on behalf of this class to which he does not belong. To be sure, there is a Texas-specific analog to the National Do Not Call List, known as the Texas No-Call List and defined by Tex. Bus. & Com. Code Ann. § 304.051 ("Subchapter B" of the Texas Telemarketing Disclosure and Privacy Act). However, nowhere in the Complaint does Plaintiff allege that he registered his cell phone number with the Texas No-Call List, and thus (to the extent such a class could exist), Plaintiff has not established that he is typical of the class on behalf of which he seeks to bring this claim. *See id., generally*.

Plaintiff's pleading issues do not end there. An individual seeking to bring a private cause of action for calls allegedly placed to a number on the Texas No-Call List must first satisfy several statutory prerequisites and may only bring such action if:

> (1) the consumer has notified the telemarketer of the alleged violation;

> (2) not later than the 30th day after the date of the call, the consumer files with the commission, the attorney general, or a state agency that licenses the person making the call a verified complaint stating the relevant facts surrounding the violation; and
>
> (3) the commission, attorney general, or state agency receiving the complaint does not initiate an administrative action or a civil enforcement action, as appropriate, against the telemarketer named in the complaint before the 121st day after the date the complaint is filed.

Tex. Bus. & Com. Code Ann. § 304.257.

Plaintiff's Complaint does not contain **any** factual allegations that speak to whether or not the above conditions precedent were satisfied (perhaps because they were not), in particular, the second and third conditions. It is reasonable to infer that the reason is that Plaintiff did not satisfy (nor even attempt to meet) these conditions and now seeks to circumvent the above statutory framework and proceed with these claims in federal court without first bringing such issues to the designated state authorities as intended by the Texas legislature. Thus, even notwithstanding the omission of allegations addressing whether Plaintiff placed his number on the Texas No-Call List, Plaintiff has not alleged facts sufficient to state a cognizable claim for relief in this forum. Therefore, Count IV must be dismissed.

### B. Plaintiff Alleges No Facts as to Ensurety's Business Registration Status.

Count V of Plaintiff's Complaint seeks to bring another claim on behalf of a purported class, arising from "telephonic solicitations to Plaintiff and Class Members without having a registration certificate for each business location at the time of the calls." *See* Dkt. 1 ¶ 75. However, the purported class is neither defined in the header preceding the count nor in the allegations contained within Count V (or anywhere else in the Complaint). *See id.* at ¶¶ 73-77. In fact, only from the rhetoric of certain allegations could it be inferred that this was intended to be a class action claim in the first place. *See id.* at ¶¶ 75, 76.

In more substantive terms, though, the critical flaw with Count V is that it is predicated upon Ensurety's purported lack of a "registration certificate for each business location" from which the alleged calls were made. *Id.* at ¶ 75. However, as with Count IV, the Complaint is devoid of any facts necessary to sustain this claim, namely, as Plaintiff fails to allege **any** facts regarding Ensurety's business registration status in any state; indeed, the concept does not even come up in the Complaint until it suddenly emerges in Count V. *See id., generally*. Moreover, although the statutory registration requirement applies to "the business location **from which the telephone solicitation is made**" (*see* Tex. Bus. & Com. Code Ann. § 302.101(a)) (emphasis added), Plaintiff does not even attempt to allege from where the supposed "solicitation" was purportedly made. *Id*. The only location tied to Ensurety in the Complaint is that of its state of incorporation, Missouri, and Ensurety possesses active registration status in Missouri. *See* Exhibit A.[2] Therefore, Plaintiff has failed to state a viable claim for relief in Count V, and thus that claim should also be dismissed with prejudice.

## **CONCLUSION**

Plaintiff's TTSA claims presented as Count IV and Count V lack the essential factual matter needed to sustain the alleged causes of action. Resultingly, Plaintiff has thereby failed to state a plausible claim for relief under either count, and therefore, both claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**WHEREFORE**, Defendant, Ensurety Ventures, LLC, respectfully requests this Court enter an Order granting the instant Motion, dismissing both Count IV and Count V of Plaintiff's

---

[2] Attached as **Exhibit "A"** is a true and correct screenshot of Ensurety's registration status as reflected on the Missouri Secretary of State website. When determining whether to grant a Rule 12(b)(6) motion, a court is limited to reviewing the compliant and attached documents. However, the Fifth Circuit has held that the court may also consider documents which are 1) referred to in the complaint and 2) central to the claim. *See Villarreal v. Wells Fargo Bank*, 814 F.3d 763, 766 (5th Cir. 2016). Because Plaintiff's Complaint specifically refers to Ensurety's "registration certificate" (*see* Dkt. 1 ¶ 75), or assumed lack thereof, Exhibit A may be considered by the Court in ruling upon Ensurety's Partial Motion to Dismiss.

Complaint [Dkt. No. 1] in their entirety, and granting any such further and other relief in favor of Ensurety as this Court deems just and proper.

Dated: October **14th**, 2024.

Respectfully submitted,

By: */s/ Eliot New*
ELIOT NEW
Texas State Bar No.: 24060328
Email: eliot.new@gmlaw.com
JAMEY R. CAMPELLONE
*Pro Hac Vice Anticipated*
Fla. Bar No. 119861
Email: jamey.campellone@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 491-1120

*Attorneys for Defendant Ensurety Ventures, LLC*

## CERTIFICATE OF CONFERRAL

The undersigned hereby certifies that on October 14th, 2024, counsel for Defendant attempted to meet and confer with Plaintiff's counsel via telephone and electronic mail to discuss the grounds of the instant Motion prior to filing. However, the parties were unable to confer prior to the deadline for the filing of this Motion. Defendant's counsel will continue to attempt to meet and confer, and Defendant's counsel will update this certificate once the parties have conferred.

By: */s/ Eliot New*
ELIOT NEW

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **14th** day of October, 2024, a copy of the foregoing Defendant's Partial Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By: */s/ Eliot New*
ELIOT NEW