IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ORTEGA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; | § § § § § § § § § § § § § § | SA-24-CV-00801-OLG |
| *Plaintiff,* | | |
| vs. | | |
| ENSURETY VENTURES LLC, A MISSOURI LIMITED LIABILITY COMPANY, | | |
| *Defendant.* | | |

## ORDER

Before the Court is the above-styled cause of action, which was filed by Plaintiff Mark Ortega in July 2024 against Defendant Ensurety Ventures LLC, alleging violations of the Telephone Consumer Protection Act ("TCPA"). Defendant filed a Motion to Dismiss on October 14, 2024 [#4], seeking dismissal of Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. At the time Defendant filed its motion, Plaintiff was represented by counsel. His attorney subsequently moved to withdraw prior to filing a response to the motion. The District Court issued an order granting counsel's withdrawal of representation on January 31, 2025, and referred this case to the undersigned for all pretrial proceedings. Plaintiff, who is now proceeding *pro se*, has filed an Amended Complaint [#15] and an Unopposed Motion for Extension of Time to Respond to Defendant's Motion to Dismiss [#14]. Plaintiff has also filed a Motion for Permission to File Electronically [#12].

1

Typically, the Court requires either the opposing party's written consent or the Court's leave before allowing the filing of an Amended Complaint outside of the time period set forth in Rule 15(a) of the Federal Rules of Civil Procedure.  However, the Court will accept Plaintiff's Amended Complaint as the operative pleading in this case in light of the recent withdrawal of Plaintiff's counsel and Plaintiff's new *pro se* status.  The filing of Plaintiff's Amended Complaint renders Defendant's motion to dismiss moot.  Defendant may file a renewed motion to dismiss if it still believes Plaintiff's pleading to be deficient.

Additionally, the Court informs the parties that Judge Orlando L. Garcia, the District Judge presiding over this case, has imposed a mandatory procedure before he will consider a Rule 12(b)(6) motion to dismiss.  This procedure is summarized in Judge Garcia's Fact Sheet available on the Western District of Texas website.  *See* Fact Sheet for Judge Orlando L. Garcia, *available at* https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Court-Fact-Sheet-for-US-District-Judge-OLG-June-2024.pdf.    The procedure requires counsel for Defendant to provide written notice to Plaintiff specifying the proposed deficiencies in Plaintiff's pleadings and informing Plaintiff of the right to amend prior to filing a motion to dismiss.  If Plaintiff intends to amend his pleadings, he must file an advisory with the Court regarding his intent to amend within seven days of receiving notice of Defendant's forthcoming motion to dismiss.  Plaintiff then has an additional seven days to file the amended pleading after filing the advisory.  If the amended pleading is not timely filed, Defendant may then file the motion to dismiss.  Any motion to dismiss filed pursuant to Rule 12(b)(6) must be accompanied by a Certificate of Conference expressly stated that the moving party has complied with this process and noting that the non-movant did not timely amend his pleading.  Judge Garcia has indicated that he will strike any Rule 12(b)(6) motion that does not contain the required Certificate of Conference or

otherwise comply with these procedures.  A Plaintiff that has already been provided notice of the proposed deficiencies in his pleadings and the opportunity to amend will not be permitted an additional opportunity to amend following the grant of a properly filed Rule 12(b)(6) motion.

Here, Defendant's motion to dismiss contained a Certificate of Conference, but this Certificate of Conference only indicates that the parties conferred on the motion and were unable to resolve it, making the motion opposed.  This Certificate of Conference did not reference Judge Garcia's standing procedures governing Rule 12(b)(6) motions or Plaintiff being informed of a right to amend prior to Defendant filing the motion to dismiss.  By accepting Plaintiff's Amended Complaint, the Court will construe the new pleading as Plaintiff's one permitted amendment under Judge Garcia's Rule 12(b)(6) procedure.  Defendant may file a response to the Amended Complaint within 14 days of its filings pursuant to Rule 15(a)(3).  **Because Plaintiff filed his Amended Complaint after Defendant filed its motion to dismiss, Plaintiff has already been informed of the deficiencies in his pleadings alleged by Defendant and has availed himself of the opportunity to replead.  Thus, if Defendant files a motion to dismiss the amended pleading, Plaintiff will not be given another opportunity to replead.**

Finally, in light of the dismissal of Defendant's motion to dismiss, the Court will also moot Plaintiff's motion for an extension of time to respond to the motion and will grant Plaintiff's motion for permission to participate in electronic filing.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [#4] is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendant's Motion to Dismiss [#14] is **DISMISSED AS MOOT**.

3

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permission to File Electronically [#12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff review the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases and the Local Court Rules available on the Court's website at https://www.txwd.uscourts.gov/cmecf/.

**IT IS FURTHER ORDERED** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this cause of action.

**IT IS FINALLY ORDERED** that Defendant file a responsive pleading to Plaintiff's Amended Complaint within 14 days of service of the pleading.

SIGNED this 5th day of February, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE