**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 5:24-CV-00801-OLG |
| Ensurety Ventures, a Missouri Limited | § | |
| Liability Company, | § | |
|     *Defendant*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

**1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff's Answer:

The Plaintiff, Mark Anthony Ortega, asserts the following causes of action:

Violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(c)(5): The Defendant made telemarketing calls to Plaintiff's cellular telephone number, which is registered on the National Do Not Call Registry. The elements of this claim are: (1) the defendant called or texted a telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for the purpose initiating any telephone solicitation.

Violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b): Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to call Plaintiff's cellular telephone without prior express consent. Elements: (1) Defendant made a call; (2) using any automatic telephone dialing system or an artificial or prerecorded voice; (3) to Plaintiff's cellular telephone number; and (4) without Plaintiff's prior express consent.

Violation of the Texas Business and Commercial Code (TBCC), Chapter 302.101: The Defendant made telephone solicitations to the Plaintiff located in Texas without holding the required registration certificate for the business location from which the solicitations were made. The elements of this claim are: (1) the Defendant made a telephone solicitation; (2) from a location in Texas or to a purchaser in Texas; (3) without holding a valid registration certificate for the location from which the solicitation was made.

Violation of the Telephone Consumer Protection Act (TCPA), 47 C.F.R. § 64.1200(d)(6): Defendant failed to implement and maintain adequate do-not-call procedures. Elements: (1) The calls were for telemarketing purposes. (2) Defendant is a person or entity making calls for

telemarketing purposes. (3) The defendant failed to meet do-not-call procedure requirements and maintain an internal do-not-call list.

The Defendant, Ensurety Ventures, has denied all material allegations in the complaint and asserted numerous affirmative defenses.

Defendants' Answer:

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

   a. **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

   b. **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

There are no outstanding jurisdictional issues. This Court has jurisdiction under pursuant to 28 U.S.C. § 1331, because the allegations implicate a federal question.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   Plaintiff's Answer:  None at this time.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

   Plaintiff's Answer:

   None at this time. The parties will reassess this following discovery.

   Defendant(s)' Answer(s):

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

   Plaintiff's Answer:

   None at this time.

   Defendant(s)' Answer(s):

2

**6.    Are there any issues about preservation of discoverable information?**

Plaintiff's Answer:

None.

Defendant(s)' Answer(s):

**7.    Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

Not Applicable.

**8.    What are the subjects on which discovery may be needed?.**

Plaintiff's Answer:
Plaintiff anticipates conducting discovery into all of Defendant's defenses, depositions of defendant and other parties involved, as well as production of the following documents related to:

Defendant's Call/Text Records: This includes all records related to calls or text messages made to the Plaintiff, including date, time, duration, originating number, and any automated messages or scripts used.

Defendant's Telemarketing Practices: This includes information about the Defendant's procedures for making telemarketing calls, including the policies related to the National Do Not Call Registry.

Defendant's Registration Status: Documentation related to the Defendant's registration (or lack thereof) as a telemarketer in Texas, as required by TBCC § 302.101.

Defendant's Knowledge of the DNC Registry: Evidence showing whether the Defendant had access to and knowledge of the National Do Not Call Registry and Plaintiff's registration on the registry.

Lack of Plaintiff's Consent: Any documentation or communication related to Plaintiff's alleged consent to receive calls/texts from the Defendant. This may include contracts, agreements, website terms and conditions, or other forms of consent.

Defendant's Internal Policies and Procedures: Documentation relating to training materials, employee manuals, or any internal guidance related to compliance with the TCPA.

Identities of Individuals Involved: Information regarding the identities and roles of all individuals involved in the alleged unlawful calls/texts, including managers, supervisors, and employees.

Communications between Plaintiff and Defendant: All correspondence, including emails, text messages, and voicemails, exchanged between the Plaintiff and Defendant regarding the calls/texts.

Defendant(s)' Answer(s):

**9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

Plaintiff's Answer:

Initial Disclosures have not been completed. Plaintiff suggests initial disclosures be exchanged within 14 days of the Initial Pretrial Conference.

Defendant(s)' Answer(s):

**10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

Discovery has not yet been propounded by either party.

**11. What, if any, discovery disputes exist?**

Plaintiff's Answer:

None at this time.

Defendant(s)' Answer(s):

**12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

Plaintiff's Answer:

The Plaintiff does not seek an order under Rule 502 at this time.

Defendant(s)' Answer(s):

**13.**     **Have the parties discussed mediation?**

Plaintiff's Answer:

The parties have not discussed mediation. The Plaintiff remains willing to mediate this case, however, the Plaintiff also requires information about the nature, scope, and extent of the telemarketing conduct prior to mediation.

Defendant(s)' Answer(s):

**14.**     **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

Plaintiff's Answer:

Not at this time.

Defendant(s)' Answer(s):

Respectfully Submitted,

**Plaintiff:**

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff
PO Box 702099,
San Antonio, TX 78270
(210) 744-9663
mortega@utexas.edu

-AND-

**GREENSPOON MARDER LLP**

By:_____
**JAMEY R. CAMPELLONE**
Jamey.campellone@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
(954) 491-1120
**ATTORNEY IN CHARGE FOR DEFENDANT ENSURETY VENTURES LLC**

**OF COUNSEL:**

**ELIOT NEW**
Eliot.new@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
(954) 491-1120

## **CERTIFICATE OF SERVICE**

      A true and correct copy of the foregoing document has been properly delivered pursuant to the Federal Rules of Civil Procedure on March 19, 2025 to the following counsel of record:

**ELIOT NEW**
Eliot.new@gmlaw.com
**JAMEY R. CAMPELLONE**
Jamey.campellone@gmlaw.com
Gabby.mangar@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
(954) 491-1120
**Attorneys for Defendant Ensurety Ventures, LLC**

                                                                                     */s/ Mark Anthony Ortega*
                                                                                     Mark Anthony Ortega